UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VULJAJ, et al.,

        Plaintiffs,

v.                                                 Case No. 12-13932
                                                    Honorable Julian Abele Cook, Jr.

CHASE HOME FINANCE,

        Defendant.

## ORDER

In this civil action, the Plaintiffs, Anton Vuljaj and John Lulgiuvaj,[1] collectively complain that the JPMorgan Chase Bank, N.A., following its merger with the Defendant, Chase Home Finance LLC ("Chase Home"), violated the law of Michigan by improperly foreclosing on their property in Waterford Township, Michigan. Although this lawsuit was initially filed in the Oakland County Circuit Court of Michigan on August 7, 2012, it was subsequently removed to this Court on September 6, 2012 pursuant to 28 U.S.C. §§ 1332, 1441. Currently pending is Chase Home's motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6).

I.

On April 20, 2007, Lulgiuvaj obtained a $176,250 loan from the JPMorgan Chase Bank, N.A. to purchase a parcel of property in Waterford Township, Michigan. Ten months later, on February 20, 2008, he transferred his interest in the property to Vuljaj through a quitclaim deed. On June 16, 2010, the JPMorgan Chase assigned its interest in the loan to Chase Home which thereafter

---

[1] The last name of this Defendant appears as "Lulgiuvaj" in the complaint but it appears as "Lulgjuraj" on the note and mortgage.

proceeded to initiate foreclosure proceedings by publishing a notice of a sheriff's sale in the Oakland County (Michigan) Legal News in 2010 (June 17, June 24, July 1, and July 8). The assignment from the JPMorgan Chase Bank to Chase Home was recorded on June 25, 2010, after the second notice was published. Almost a year later, on April 5, 2011, a sheriff's sale was held, at which Chase Home successfully bid $213,639 for the property. The six-month statutory redemption period expired on October 5, 2011. Feeling aggrieved by this allegedly improper transfer of their property interests, the Plaintiffs initiated this lawsuit on August 7, 2012.

II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts a plaintiff's well-pleaded allegations as true and should construe each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10©). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for summary judgment if the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

### III.

In their complaint, the Plaintiffs assert the following claims: (1) quiet title, pursuant to Mich. Comp. Laws § 600.2932; (2) wrongful foreclosure, in violation of Mich. Comp. Laws § 600.3204 (1)(d), (3); and (3) preliminary injunction and declaratory relief. Chase Home contends that it is entitled to a dismissal of the complaint because (1) the six-month statutory exemption period has expired and (2) the Plaintiffs have not alleged fraud or any other defect in the foreclosure proceedings. It also maintains that this action should be barred by the doctrine of laches. The

Plaintiffs, on the other hand, submit that the foreclosure action was invalid because the Defendant failed to follow certain provisions of the Michigan foreclosure statutes.

Chase Home initially contends that the Plaintiffs do not have standing to challenge the foreclosure proceedings if the statutory redemption period has expired. In Michigan, foreclosures by advertisement are governed by statute. *Conlin v. Mortgage Elec. Registration Sys.*, 714 F.3d 355 (2013). After a property is purchased at a sheriff's sale, the mortgagor has a period of six months in which to redeem the property. Mich. Comp. Laws § 600.3240(8). Subsequent to the expiration of the redemption period, the purchaser of the property is vested with "all right, title, and interest" in the property. Mich. Comp. Laws § 600.3236. At this point of the proceeding, a court can only set aside the foreclosure sale if "the mortgagor has made 'a clear showing of fraud, or irregularity." *Conlin*, 714 F.3d at 359 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). As described in *Conlin*, courts are divided as to whether this issue is one of standing, *see, e.g.*, Overton *v. Mortg. Elec. Registrations Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), or a determination on the merits, *see, e.g.*, *El-Seblani v. IndyMac Mortg. Svs.*, 510 F. App'x 425, 429-30 (6th Cir. 2013). 714 F.3d at 359. Nevertheless, it is clear that a statutory foreclosure cannot be set aside absent "a strong case of fraud or irregularity." *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007). A claim of misconduct, if any, must relate to the foreclosure proceeding. *El-Seblani*, 510 F. App'x at 429.

In this case, the sheriff's sale was held on April 5, 2011 and the redemption period expired six months later (October 5, 2011). The Plaintiffs did not file this lawsuit until August 7, 2012 - well after the end of the redemption period. As a result, the foreclosure may not be set aside without a showing of fraud or an irregularity in the foreclosure proceedings.

The Plaintiffs contend that the foreclosure was defective because Chase Home failed to comply with Mich. Comp. Laws § 600.3204(1)(d) and Mich. Comp. Laws § 600.3204(3). Section 600.3204(1)(d) requires that the party who initiates the foreclosure proceeding must be (1) the owner of the claimed indebtedness or of an interest in the alleged indebtedness that has been secured by the mortgage or (2) the servicing agent of the mortgage. In this case, the Plaintiffs do not dispute that Chase Home was the loan servicer when the foreclosure was initially published. Instead, they cite *Davenport v. HSBC Bank*, 739 N.W.2d 383 (Mich, Ct. App. 2007) and *Everbank v. Zeer*, No. 302239, 2012 WL 1890184 (Mich. Ct. App. May 24, 2012) for the proposition that a foreclosure may be initiated only by an entity with a mortgage interest in the property. This argument must be rejected because it ignores the plain language of the statute, which expressly permits a loan servicer to initiate foreclosure by advertisement. *See, e.g.*, *Claxton v. Orlans Associates, P.C.*, No. 300151, 2012 WL 933601 (Mich. Ct. App. Mar. 20, 2012) (servicing agent of mortgage "was authorized to initiate foreclosure proceedings in accordance with [Mich. Comp. Laws] 600.3204(1)(d)"); *Aliahmad v. U.S. Bank Nat. Ass'n*, No. 12-CV-11844, 2012 WL 3639282 (E.D. Mich. Aug. 24, 2012) (mortgage loan servicer "was entitled to initiate foreclosure by advertisement on Plaintiff's mortgage"); *Leone v. Citigroup, Inc.*, No. 12-10597, 2012 WL 1564698 (E.D. Mich. May 2, 2012) ("[E]ven if [mortgage loan servicer] lacked an ownership interest, it is still entitled to foreclose as the servicer of the mortgage."). Moreover, *Davenport* and *Everbank* appear to be inapposite to the issues in this case because the defendants in those cases did not allege that they were loan servicers at the time the foreclosure proceedings were commenced.

Even if Chase Home had been required to possess an interest in the mortgage at the initiation of foreclosure proceedings, it appears to have done so. The Plaintiffs contend that Chase Home did

5

not have a requisite ownership interest because it began to publish the commencement of the foreclosure procedure on June 17, 2010 but failed to record its interest until June 25 - eight days later. This argument misses the mark, in that by virtue of the assignment on June 16, Chase Home did possess an interest in the mortgage prior to the first publication. Section 600.3204(1)(d) only requires that prior to initiating the foreclosure procedure, the foreclosing entity must possess an interest in the mortgage. It does not require that this interest be recorded. *Presser v. Fed. Nat. Mortgage Ass'n*, No. 11-CV-11239, 2012 WL 3020092 (E.D. Mich. July 24, 2012) (citing Michigan House Fiscal Agency Bill Analysis, H.B. 5859, 12/29/2004). The facts in *Davenport* and *Everbank* are again distinguishable. In those cases, the defendants had not yet been assigned the mortgage - and therefore did not possess an interest in it before beginning the foreclosure process. *Davenport*, 739 N.W.2d at 384; *Everbank*, 2012 WL 1890184, at *3.

Indeed, the date by which the mortgage must be recorded is established by Mich. Comp. Laws § 600.3204(3), which requires only that a record chain of title exist prior to commencement of the sheriff's sale. The text of the statute provides as follows: "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist *prior to the date of sale* under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws § 600.3204(3) (emphasis added). Here, Chase Home recorded the mortgage on June 25, 2010 - well before the sheriff's sale was held on April 5, 2011.

Inasmuch as Chase Home complied with Mich. Comp. Laws § 600.3204(1)(d) and Mich. Comp. Laws § 600.3204(3), the Plaintiffs cannot establish any fraud or irregularity in the foreclosure proceeding. However, even if Chase Home had failed to comply with this statute, the foreclosure would not be void, as argued by the Plaintiffs. Rather, it would be, at best, voidable upon a showing

of prejudice to the Plaintiffs. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (2012). To make such a showing, the Plaintiffs would have to establish that "they would have been in a better position to preserve their interest in the property absent [the Defendant's] noncompliance with the statute." *Id.* The Plaintiffs have not alleged any facts which would indicate that the Defendant's actions had somehow prevented them from preserving their interest in the property. For the above-state reasons, the Plaintiffs' wrongful foreclosure claim must fail.

As the Plaintiffs cannot establish a defect in the foreclosure proceedings, their quiet title claim must also fail. In an action to quiet title, they have the burden of proof and must establish a prima facie case of title. *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Rd. Comm'n*, 600 N.W.2d 698 (1999). If they are successful, the Defendant must establish that it has a superior right or title. *Id.* Here, the Plaintiffs title was extinguished at the expiration of the redemption sale. Inasmuch as the Plaintiffs cannot make out a prima facie case of title, this claim must be dismissed.

Because the Plaintiffs have no viable claims against the Defendant, they are not entitled to injunctive or declaratory relief. It is well settled that injunctions and declaratory relief are equitable remedies - not independent causes of action. *Terlecki v. Stewart*, 754 N.W.2d 899, 912 (Mich. Ct. App. 2008) (injunction); *Wiggins v. City of Burton*, 805 N.W.2d 517, 536 (Mich. Ct. App. 2011) (declaratory relief).

## IV.

For the reasons that have been set forth above, Chase Home's motion to dismiss is granted (ECF No. 6).

IT IS SO ORDERED.

Date: September 30, 2013                              s/Julian Abele Cook, Jr.
                                                     JULIAN ABELE COOK, JR.
                                                     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2013.

                                                     s/ Kay Doaks
                                                     Case Manager